NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENA SALCEDO ELISONDO,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No.   19-71066<br><br>Agency No. A075-485-927<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:      FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Lorena Salcedo Elisondo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Salcedo Elisondo's untimely motion to reopen based on ineffective assistance of counsel where she failed to demonstrate she acted with the due diligence required for equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (discussing the issues to consider in determining whether petitioner exercised due diligence when petitioner was ignorant of counsel's shortcomings, diligence requires reasonable efforts to pursue relief).

The BIA also did not abuse its discretion in denying Salcedo Elisondo's motion to reopen to apply for removal relief where she failed to establish prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (petitioner's evidence of changed country conditions was not material to his claim and he failed to establish prima facie eligibility for relief).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 8) is otherwise denied.

**PETITION FOR REVIEW DENIED.**

19-71066